IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BUTLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| VILLAGE OF DOLTON, | ) | JUDGE |
| DOLTON POLICE OFFICERS, LACEY, | ) | FILED: APRIL 17, 2008 |
| Star # 500, BANKHEAD, Star # 507, and | ) | 08CV2215       EDA |
| UNKNOWN VILLAGE | ) | JUDGE ANDERSEN |
| OF DOLTON POLICE OFFICERS, | ) | MAGISTRATE JUDGE VALDEZ |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

NOW COMES the plaintiff, William Butler, through his attorneys, Christopher R. Smith and Jared S. Kosoglad, A LAW OFFICE OF CHRISTOPHER R. SMITH, and complaining of the defendants VILLAGE OF DOLTON, and VILLAGE OF DOLTON POLICE OFFICERS, LACEY star #500, BANKHEAD star #507, and UNKNOWN VILLAGE OF DOLTON POLICE OFFICERS, states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983; the judicial code 28 U.S.C., § 1331, 1343 (a), 1367; and the Constitution of the United States.

## PARTIES

3.   Plaintiff is a citizen of the United States of America, who currently resides in Cook County, Illinois.

4.   Defendants LACEY star #500, BANKHEAD star #507, and UNKNOWN VILLAGE OF DOLTON POLICE OFFICERS were, at the time of this occurrence, duly licensed Police Officers employed by the Dolton Police Department and the Village of Dolton. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5.   Defendant Village of Dolton, ("Dolton") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the police officer defendants.

## FACTS

6.   On or about May 16, 2007, at approximately 2:00 p.m. in Dolton, Cook County, Illinois, William Butler was inside McDonald's restaurant.

7.   Dalton Police Officers, including defendants Lacey and Bankhead, entered the restaurant.

8.   Without any lawful basis, an Unknown Village of Dolton Police Officer grabbed plaintiff by the back of the neck, pulled him up, and dragged him over towards Officer Lacey.

9.   Officer Lacey attempted to tackle William to the ground with a leg sweep.

10.   When the leg sweep failed, Officer Lacey put a shotgun to William's face.

11.   To cover up the assault and battery inflicted on William, Defendant Officers charged William with obstructing.

12. Defendant police officers conspired and agreed amongst themselves to hide evidence of the beating and assault and to falsely charge plaintiff with crimes that they knew William did not commit. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to plaintiff's arrest and injuries.

13. As a direct and proximate result of the malicious actions of the coconspirators, William was injured, including but not limited to physical injuries, the loss of his freedom, damage to his reputation, humiliation, pain, suffering, the deprivation of his constitutional rights and his dignity, lost time, wages, attorney's fees, and extreme emotional distress.

14. On, June 21, 2007, in the Circuit Court of Cook County, the state dismissed the charge against William Butler, indicate of William's innocence.

15. Defendant Village of Dolton, through its police department, possessed video surveillance of the restaurant and the incident described in this Complaint but never produced said video surveillance to the Plaintiff for use in his criminal defense or to the prosecutor for use in the prosecution of plaintiff or to the criminal court.

## Count I

**42 U.S.C. Section 1983 Fourth Amendment Violations — Illegal Searches and Seizures**

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The searches and seizures of plaintiff's person, and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of plaintiff's rights to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

17. As a proximate result of the above-detailed actions of defendants, plaintiff was

3

injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Officer Defendants, jointly and severally, for compensatory damages against defendant officers in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

## Count II

### 42 U.S.C. Section 1983 – False Imprisonment

1-15.  Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16.  The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned plaintiff without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth, Forth and Eighth Amendments to the United States Constitution.

17.  As a direct and proximate result of these Constitutional violations, plaintiff was caused to suffer great pain, anguish, despair, and other permanent and temporary mental suffering.

WHEREFORE, plaintiff demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and further demands judgment against the individual defendants,

jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees pursuant to statute and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

### Count III

### 42 U.S.C. Section 1983 — Excessive Force

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The actions of the Officer Defendants constituted unreasonable, unjustifiable, and excessive force against plaintiff, thus violating his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

17. As a proximate result of the above-detailed actions of defendants, William Butler was injured, including pain, physical injuries, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, William Butler demands judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus the costs of this action and attorney's fees, and for such other and additional relief as this court deems equitable and just.

### Count IV

### 745 ILCS 10/9-102: Indemnification

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. Defendant Village of Dolton is the employer of Officer Defendants.

17. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Village of Dolton.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant Village of Dolton be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count V

### Respondeat Superior

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Village of Dolton Police Department acting at all relevant times within the scope of their employment.

17. Defendant Village of Dolton is liable as principal for all torts committed by its agents.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant respondeat superior, the Defendant Village of Dolton be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## Count VI

### Malicious Prosecution — State Claim Against Village of Dolton and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute

William on false charges for which they knew there was no probable cause.

17. The Village of Dolton is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Village of Dolton, and while acting within the scope of this employment.

18. As a direct and proximate result of the malicious prosecution, William Butler was damaged, including the value of his lost liberty, lost work, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff demands judgment against the Village of Dolton and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count VII

### Battery — State Claim Against Dolton and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. By the actions detailed above, and by participating in the above-described conspiracy, the Officer Defendants intentionally made offensive bodily contact against plaintiff, and the Officer Defendants inflicted bodily harm to plaintiff.

17. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants preformed the acts detailed above with the intent of inflicting physical harm to plaintiff. Plaintiff was physically harmed.

18. As a direct and proximate result of the battery, plaintiff were injured, including but not limited to physical injuries, lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, anguish.

39. The Village of Dolton is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Village of Dalton, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

## Count VIII

### False Arrest — State Claim Against Dolton and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact arrest William Butler on false charges for which they knew there was no probable cause.

17. The Village of Dolton is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Village of Dolton, and while acting within the scope of this employment.

18. As a direct and proximate result of the false arrest, William Butler was damaged, including the value of his lost liberty, attorney's fees, exposure to public scandal and disgrace,

damage to his reputation, mental and emotional suffering, humiliation, anguish, and extreme emotional distress.

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demands attorney's fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

**Count IX**

**Intentional Infliction of Emotional Distress Against Village of Dolton and Officers**

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The above-detailed conduct by the defendants was extreme and outrageous, exceeding all bounds of human decency.

17. Defendants performed the acts detailed above with the intent of inflicting severe emotional distress on the plaintiff or with knowledge of the high probability that the conduct would cause such distress.

18. As a direct and proximate result of this conduct, plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, nightmares, anxiety attacks, and flashbacks.

19. The Village of Dolton is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Village of Dolton, and while acting within the scope of this employment.

WHEREFORE, plaintiff William Butler seeks judgment against the Village of Dolton and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000), and further demand attorney's fees and the costs of this action, and for such other relief as this Court deems just, proper, and equitable.

### Count X

### Assault — State Claim Against Dolton and Officers

1-15. Plaintiff realleges paragraphs 1 through 15 above, as if fully set forth here.

16. The above-detailed conduct by defendant Lacey, whereby Lacey his weapons without any cause and pointed it at plaintiff was intended to cause the plaintiff to suffer apprehension.

17. The plaintiff in fact suffered such apprehension and his apprehension was reasonable.

18. The above described conduct by defendant Lacey caused the plaintiff to reasonably apprehend imminent bodily harm.

19. Defendants performed the acts detailed above with the intent of causing apprehension in the plaintiff.

20. As a direct and proximate result of this conduct, plaintiff suffered injury to his mind, body, and nervous systems, including loss of sleep, mental anguish, severe depression, nightmares, anxiety attacks, stress, phobias, and flashbacks.

21. As of the filing of this Complaint, plaintiff continues to suffer from the above described injuries caused by the defendants' conduct.

10

22. The Village of Dolton is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant Village of, and while acting within the scope of this employment.

WHEREFORE, plaintiff demands judgment against the Dolton and the individual defendants, jointly and severally, for compensatory damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), and further demand judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS.

        Respectfully submitted,

        William Butler

_____s/ Jared S. Kosoglad_____
By:   One of his attorneys

PLAINTIFF DEMANDS TRIAL BY JURY.

Christopher R. Smith
Jared S. Kosoglad
A LAW OFFICE OF CHRISTOPHER R. SMITH
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400